UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES TROTTER,<br><br>    Petitioner,<br><br>UNKNOWN,<br><br>    Respondent. | NO. CV 20-8388-JVS (AGR)<br><br>ORDER TO SHOW CAUSE WHY PETITION FOR WRIT OF HABEAS CORPUS SHOULD NOT BE DISMISSED |

      On September 7, 2020, Petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), pursuant to 28 U.S.C. § 2254.  Petitioner contends that he is subject to an unlawful sentence and that he is being held in custody in violation of the United States Constitution and California Constitution and statutes.  (Petition at 2-3, 7-9.)  From the face of the Petition, it appears that his claims are both untimely and unexhausted.  As such, absent further explanation from Petitioner, they are subject to dismissal.

# I.

# PROCEDURAL HISTORY

Petitioner provides no details concerning the underlying conviction or the sentence he purports to challenge. (Dkt. No. 1.) The following procedural history is taken from available state court records. *See* Fed. R. Evid. 201; *Porter v. Ollison*, 620 F.3d 952, 955 n.1 (9th Cir. 2010) (taking judicial notice of state court docket).

On October 18, 1993, Petitioner was convicted of murder. On November 17, 1993, he was sentenced to 31 years to life imprisonment.[1] On January 26, 1995, the California Court of Appeal affirmed the judgment.[2] Petitioner did not file a petition for review in the California Supreme Court.

On February 11, 2016, Petitioner filed a state habeas petition in the Los Angeles County Superior Court, which the court denied on March 21, 2016.[3] On April 18, 2016, Petitioner filed a state habeas petition in the California Court of Appeal, which denied the petition on April 29, 2016.[4] Finally, on June 6, 2016, Petitioner filed a state habeas petition in the California Supreme Court, which the

---

[1] *See* https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2&doc_id=2317675&doc_no=B305688&request_token=NiIwLSEmXkw2W1BFSCNNSE9JQDg6USxXIyNOXzJRMCAgCg%3D%3D; *see also* https://appellatecases.courtinfo.ca.gov/search/case/trialCourt.cfm?dist=2&doc_id=1019681&doc_no=B081130&request_token=NiIwLSEmXkw2W1BFSCNNSENIMEA6USxbKyJOQzlTMCAgCg%3D%3D.

[2] *See* http://appellatecases.courtinfo.ca.gov/search/case/disposition.cfm?dist=2&doc_id=1019681&doc_no=B081130.

[3] *See* https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2129279&doc_no=S231504&request_token=NiIwLSEmXkw2W1BFSCNNTEJIUFQ0UDxTICJOUzpSMCAgCg%3D%3D.

[4] *See* https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2&doc_id=2138857&doc_no=B271608&request_token=NiIwLSEmXkw2W1BFSCNNSEpJQFw6USxTJCJOXzpRMCAgCg%3D%3D.

court denied on September 21, 2016.[5] *In re Trotter*, 2016 Cal. LEXIS 8022 (2016).

Petitioner constructively filed the underlying Petition on September 7, 2020. (Dkt. No. 1.)

## II.
## **DISCUSSION**

### **A.     Timeliness**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to this action, contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court.  28 U.S.C. § 2244(d)(1).  The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).  The statute of limitations applies to each claim on an individual basis. *Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012).

### **1.     The Date on Which Conviction Became Final**

Under 28 U.S.C. § 2244(d)(1)(A), the limitations period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review.  State prisoners seeking to challenge convictions that became final before April 24, 1996 had until April 24, 1997 to file a federal habeas petition. *See Carey v. Saffold*, 536 U.S. 214, 217-18 (2002).

The Court of Appeal affirmed Petitioner's conviction on January 26, 1995.

---

[5] *See* https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2145913&doc_no=S235011&request_token=NiIwLSEmXkw2W1BFSCNNTE5IMEw0UDxTICNORztTICAgCg%3D%3D.
It appears Petitioner filed two state habeas petitions before the California Supreme Court on December 24 and 28, 2015, respectively.  Both petitions were denied on March 16, 2016.  (Case Nos. S231472, S231504.)

3

Petitioner did not file a petition for review in the California Supreme Court. The last day Petitioner was permitted to file a petition for review was March 7, 1995, 40 days after the Court of Appeal's opinion was filed. *See* Cal. R. Ct. 8.366(b)(1), 8.500(e)(1); *Smith v. Duncan*, 297 F.3d 809, 813 (9th Cir. 2002), *overruled on other grounds by Pace v. DiGuglielmo,* 544 U.S. 408 (2005). Petitioner could not petition for a writ of certiorari from the United States Supreme Court because he did not appeal his conviction and sentence to California Supreme Court. *See Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012) (citing 28 U.S.C. §§ 1257 and Sup. Ct. R. 13). Thus, Petitioner's conviction became final on March 7, 1995, when his deadline to file a petition for review expired.

Because Petitioner's conviction and sentence predate AEDPA, the deadline for filing his federal habeas petition was April 24, 1997. Petitioner filed this Petition on January 14, 2020, over twenty-three years later. Accordingly, absent a showing that the accrual date was delayed or the limitations period was tolled, the Petition is untimely.

### 2. Delayed Accrual– § 2244(d)(1)(D)

Under § 2244(d)(1)(D), the limitations period starts running on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The "'due diligence' clock starts ticking when a person knows or through diligence could discover the vital facts, regardless of when their legal significance is actually discovered." *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012).

Petitioner has not argued that he is entitled to a later start date than the date his conviction and sentence became final, and the court sees no basis for a delayed accrual.

### 3. Statutory Tolling

Generally, the statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the

pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008). However, once the limitation period has expired, later-filed state habeas petitions do not toll the limitation period. *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

All of Petitioner's state habeas petitions were filed well after the AEDPA limitation period expired. (*See* Section I., *supra*.)

Accordingly, the Petition is untimely unless Petitioner can demonstrate that he is entitled to equitable tolling.

### 4. Equitable Tolling

A prisoner who files a federal habeas petition after the expiration of the one-year statute of limitations may be entitled to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). The prisoner must show that he was diligently pursuing his rights, but some extraordinary circumstance stood in his way and prevented timely filing. *Id*.; *see Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (["E]quitable tolling is available where the prisoner can show extraordinary circumstances were the cause of an untimely filing.") "A petitioner must show that his untimeliness was caused by an external impediment and not by his own lack of diligence." *Bryant v. Arizona Atty. Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007). "Indeed, the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and citation omitted).

Here, Petitioner has not presented any basis for equitably tolling the federal statute of limitations. Petitioner includes a number of grievances about the prison's handling of the Covid-19 pandemic including the modification or cessation of various services and programming. (Petition at 4-6 & 10-49.) All of these grievances, however, involve Covid-19 restrictions during the period beginning in April 2020 and do not provide any basis for equitable tolling before

2020.  Given that the deadline for Petitioner to file his federal habeas petition was April 24, 1997, over 22 years before the pandemic, the Petition remains untimely.

### B. Exhaustion

A federal court generally will not address the merits of a habeas corpus petition unless the petitioner has first exhausted his state remedies.  *See Rose v. Lundy*, 455 U.S. 509, 518-22 (1982).  Indeed, the law provides that a habeas petition brought by a person in state custody cannot be granted "unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1).  To exhaust state remedies, a petitioner must fairly present his contentions to the state courts, and the highest court of the state must dispose of them on the merits.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 844-45 (1999).  A district court may raise a failure to exhaust sua sponte.  *Stone v. San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992.)  Importantly, Petitioner bears the burden of demonstrating that he has exhausted available state remedies.  *See Rollins v. Superior Court of Los Angeles*, 706 F. Supp. 2d 1008, 1011 (C.D. Cal. 2010); *see also Williams v. Craven*, 460 F.2d 1253, 1254 (9th Cir. 1972).

The Petition does not address whether he ever presented any of the claims raised in this Petition to the California Supreme Court.  (Petition at 1-49.)  Thus, the Petition appears to be unexhausted and subject to dismissal on that basis.  *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

## III.

## ORDER

The court orders Petitioner to show cause, in writing, on or before ***November 30, 2020***, why the court should not recommend dismissal of the Petition with prejudice for the reasons set forth above.  If Petitioner does not

respond to this Order to Show Cause, the magistrate judge will recommend that the Court dismiss the Petition with prejudice.[6]

DATED: October 28, 2020

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

---

[6] Further, Petitioner has failed to name the warden who has custody of him as the proper Respondent.